By the Court.—Freedman, J.
This action was brought upon an absolute and unqualified sale of a band saw-mill at the agreed price of $3,000.
During the trial the plaintiff obtained leave to amend the complaint by alleging an absolute and unqualified sale to the extent of $2,500, and a subsequent modification of it under which the plaintiff was to receive an additional $100 for each thousand feet that the mill sheet cut above 5,000 and up to 10,000 feet per day.
The.trial thereupon proceeded with the understanding that as against the complaint thus amended the defendants would continue to rely upon their general denial; but that, if it should become necessary, they would show that whatever contract of sale there ever was was a conditional one, and depending upon the performance of a certain test, and that the machine never performed the test, nor could it do so.
Subsequently, however, testimony offered by the defendants for the purpose of demonstrating that the machine was incapable of performing the test, was excluded, to which rulings the defendants excepted. The objection which led to this exclusion, was that evidence of experts as to the mechanical construction of the mill was irrelevant, for the reason that there was nothing in the nature of a warranty set up in the answer.
At the close of the evidence on both sides, it was apparent that the plaintiff had failed to establish the allegations of both the original and the amended complaint, and thereupon, against defendants’ objection *371 and exception, he obtained leave to again change his complaint so as to aver a sale at a price not less than $2,500, contingent upon the mill sawing 5,000 feet per day, and with the additional contingency that the price should be increased $100, for every thousand feet that the mill sawed per day over 5,000, and to 10,000 feet, and that the plaintiff so performed this contract as to become entitled under it to the sum of $3,000.
The questions remaining under the issues as thus changed, were thereupon, upon the evidence as" it then stood, submitted to the jury.
The principal difference then remaining between the parties related to the actual capacity of the mill to do any of the required work for the time during which the test was to be continued. There was quite a conflict of testimony upon the questions, as to how, and for what length of time the test was to be made, and whether the test had in fact been completed according to the real terms of the sale. In a certain view which the jury were authorized to take, if they saw fit, the further question presented itself, whether the completion of the test agreed upon had or not been prevented or excused by the conduct of the defendants.
Upon every one of these disputed points the excluded évidence, it seems to me, would have had a more or less important, but material, bearing; for if the contract, as a whole, was made to depend from the beginning upon the performance of a specified test for a specified length of time, and the conflict created by the testimony of the parties left it in doubt whether the test had been substantially performed, the testimony of experts to the effect, that from inherent imperfections plainly to be seen, the mill was incapable of performing it, might have turned the scale. For this purpose the excluded evidence was admissible under the plead *372 ings as, ordered to stand amended, and its exclusion was calculated to prejudice defendant’s case before the jury.
Upon the whole case I am very clear in the opinion that the ends of justice require a new trial, especially as since the trial, the plaintiff has expressly refused to complete the record by the insertion of the amendment of the complaint granted for his benefit at the close of the testimony.
The judgment and order should be severally reversed, and a new trial ordered, with costs to appellants to abide the event.
Speir, J., concurred.